# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DERVIN RICHARD MOOD,

        Defendant-Appellant.

UNPUBLISHED
November 20, 2014

No. 316278
Oakland Circuit Court
LC No. 2012-240711-FH

Before: RIORDAN, P.J., and SAAD and TALBOT, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction for rape of a blood relative under MCL 750.520d(1)(b) and (d). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In 2003, the Department of Homeland Security raided the home of Brian Urbanawicz as part of a child pornography investigation. After examining Urbanawicz's computers, police found: (1) records of online chats between Urbanawicz and defendant; and (2) images that showed a man—who resembled defendant—lying on a couch, with an infant child, identified as defendant's great nephew, touching the man's exposed penis ("the couch photographs"). The police subsequently investigated defendant's home and computer. They found 39 images of child pornography, and an audiotape and journal produced by defendant. The journal, among other things, related how defendant had to "face . . . [his] devious [sic] behavior, [his] love for sex with men and boys rather than [his] wife and with women," and how defendant was a "pedophile." The audiotape is a recording of defendant's voice, in which he states his desire to severely beat and rape young boys. In 2008, defendant pled guilty to a federal charge of receiving child pornography under a plea bargain.

Two years later, in June 2010, defendant and other members of his family attended a graduation party for the victim, who is his grandson.[1] While at the party, defendant accompanied

---

[1] Defendant's grandson, who has a number of psychiatric problems, was 20 years old when he graduated.

his grandson to his grandson's room. Once inside, defendant raped his grandson. The prosecution subsequently charged him with criminal sexual conduct in the third degree ("CSC-III") under MCL 750.520d(1)(b) and (d).[2]

Defendant's case was tried before a jury in the Oakland Circuit, but before trial, the prosecution petitioned the court to present the evidence that led to defendant's child pornography conviction in 2008—(1) the couch photographs, (2) defendant's audio recording, and (3) defendant's journal—to the jury. Defendant objected, on the grounds that the evidence was not relevant and highly prejudicial. And, though he admitted to producing the audio recording and the journal, he denied that he was the man pictured in the couch photographs.[3] The trial court overruled defendant's objections and admitted the evidence in a series of written orders, which analyzed whether admission of the challenged evidence was proper under MRE 404(b).

At trial, the jury heard extensive testimony from the victim, his parents, mental health professionals, and other members of defendant's family. In addition to testifying on the 2010 graduation-party rape that led to defendant's prosecution, the victim also recounted other incidents, from 2000 through 2010, where defendant showed him pornography, forced him to engage in oral sex, and raped him. Defendant argued that the victim's testimony—and, by extension, the CSC-III charge—was not credible, because of the victim's numerous psychiatric

---

[2] In relevant part, MCL 750.520d reads:

> (1) A person is guilty of criminal sexual conduct in the third degree if the person engages in sexual penetration with another person and if any of the following circumstances exist:
>
> * * *
>
> (b) Force or coercion is used to accomplish the sexual penetration. Force or coercion includes but is not limited to any of the circumstances listed in [MCL 750.520b].
>
> * * *
>
> (d) That other person is related to the actor by blood or affinity to the third degree and the sexual penetration occurs under circumstances not otherwise prohibited by this chapter.

[3] The prosecution presented additional evidence, including interviews with defendant's family members and the testimony of a forensic anthropologist, to refute defendant's contention that he was not the man pictured in the couch photographs. Defendant objected to the testimony of the forensic anthropologist before the anthropologist had actually testified, claiming that any analysis would be unreliable. The trial court rejected his objection. Defendant does not appeal this decision of the trial court, and limits his appeal to the sole question of whether the couch photographs, regardless of the identity of the man pictured therein, is admissible under MRE 404(b).

disorders. The prosecution largely relied on the testimony of the victim and his family members to support the state's contention that defendant raped the victim and violated MCL 750.520d(1)(b) and (d). The jury found defendant guilty as charged.

Defendant appealed his conviction to our Court, and again challenges the admissibility of the evidence related to his 2008 child pornography conviction under MRE 404(b). Specifically, he argues that the couch photographs, journal, and audio recording were used as impermissible character evidence—in other words, to show that he is by nature a sexual predator, and that he acted in conformity with this nature by raping his grandson at the 2010 high school graduation party. The prosecution states that the trial court properly admitted the evidence. Because the trial court properly admitted the challenged evidence, we affirm defendant's conviction.

## II. ANALYSIS[4]

### A. THE COUCH PHOTOGRAPHS

#### 1. LEGAL STANDARDS

MRE 404(b) provides that:

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

In general, MRE 404(b)(1) is a "rule of inclusion that contains a nonexclusive list of 'noncharacter' grounds on which evidence may be admitted. This rule permits the admission of evidence on any ground that does not risk impermissible inferences of character to conduct." *People v Starr*, 457 Mich 490, 496; 577 NW2d 673 (1998). The Michigan Supreme Court has promulgated a four-factor test to guide trial courts in their determination of whether "other acts" evidence is properly admissible under MRE 404(b):

First, the prosecutor must offer the "prior bad acts" evidence under something other than a character or propensity theory. Second, the evidence must be relevant under MRE 402, as enforced through MRE 104(b). Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice

---

[4] We review a trial court's decision to admit evidence for an abuse of discretion. *People v Feezel*, 486 Mich 184, 192; 783 NW2d 67 (2010). "A trial court abuses its discretion when its decision falls 'outside the range of principled outcomes.' " *Id*. (citation omitted). "Preliminary questions of law, including whether a rule of evidence precludes the admission of evidence, are reviewed de novo." *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

-3-

under MRE 403. Finally, the trial court, upon request, may provide a limiting instruction under MRE 105. [*People v Knox*, 469 Mich 502, 509; 674 NW2d 366 (2004) (internal citations and quotation marks omitted).]

As stated in MRE 404(b), evidence "other than a character or propensity theory" can be evidence that shows a defendant's "scheme, plan, or system" to perpetrate a crime or crimes. *Id*. This is because "evidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system." *People v Sabin (After Remand)*, 463 Mich 43, 63; 614 NW2d 888 (2000). "General similarity between the charged and uncharged acts does not, however, by itself, establish a plan, scheme, or system used to commit the acts." *Id*. at 64. "The evidence of uncharged acts needs only to support the inference that the defendant employed the common plan in committing the charged offense. Distinctive and unusual features are not required to establish the existence of a common design or plan." *People v Steele*, 283 Mich App 472, 479; 769 NW2d 256 (2009) (internal citations and quotation marks omitted).

"Relevance is a relationship between the evidence and a material fact at issue that must be demonstrated by reasonable inferences that make a material fact at issue more probable or less probable than it would be without the evidence." *People v Crawford*, 458 Mich 376, 387; 582 NW2d 785 (1998). Under MRE 404(b), "[w]here the only relevance of the proposed evidence is to show the defendant's character or the defendant's propensity to commit the crime, the evidence must be excluded." *Knox*, 469 Mich at 510.

Evidence that is relevant may nonetheless be excluded if "its probative value is *substantially* outweighed by the danger of *unfair* prejudice . . ." MRE 403 (emphasis added). As our Supreme Court explained:

> In [the] context [of MRE 403], prejudice means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one. [*People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995).]

"Rule 403 determinations are best left to a contemporaneous assessment of the presentation, credibility, and effect of the testimony by the trial judge." *People v Blackston*, 481 Mich 451, 462; 751 NW2d 408 (2008) (internal quotation marks omitted). The prosecution is not required to use the least prejudicial evidence to make its case. *People v Fisher*, 449 Mich 441, 452; 537 NW2d 577 (1995), overruled in part on other grounds by *People v Houthoofd*, 487 Mich 568; 790 NW2d 315 (2010).

## 2. APPLICATION

Here, defendant says that the trial court's admission of the couch photographs[5] violated MRE 404(b). Specifically, he claims that the prosecution submitted the photographs to show that he had a propensity to molest children, and that the photographs were more prejudicial than probative.

We reject defendant's argument because the prosecution introduced the couch photographs to "show something other" than defendant's character, namely, defendant's "plan, scheme, or system" for molesting his young male relatives.[6] *Sabin*, 463 Mich at 63. The jury heard extensive testimony that defendant is the man depicted in the photographs, and that the child depicted in the images is defendant's great nephew. Moreover, the crime depicted in the photograph is not just "general[ly] similar[]" to the charged offense, *Id*. at 64, but showed that defendant had a "common" and longstanding plan to molest vulnerable male relatives. *Steele*, 283 Mich App at 479.

Accordingly, the couch photographs are highly relevant evidence to defendant's case, because they tend to "make a material fact at issue"—i.e., whether defendant raped his grandson—"more probable or less probable than it would be without the evidence." *Crawford*, 458 Mich at 387.

Nor were the photographs' "probative value . . . substantially outweighed by unfair prejudice under MRE 403." *Knox*, 469 Mich at 509. In a surfeit of caution, the trial court ordered the photographs "sanitized" to remove their depiction of a sexual act before they were shown to the jury. It is therefore not possible that the images had "an undue tendency to move the [jury] to decide on an improper basis," such as emotional distress at the perversions depicted in the photographs. *Vasher*, 449 Mich at 501.

Finally, the trial court provided the jury with limiting instructions on the couch photographs both immediately after the evidence was presented, and in its final instructions. The trial court directed the jury to limit its use of the photographs and explicitly prohibited it from using them to convict defendant simply because he is "a bad person or that he is likely to commit crimes," or because "he is guilty of other bad conduct." It is presumed that jurors follow the court's instructions. *People v Richards*, 491 Mich 855, 859; 809 NW2d 148 (2012).

The trial court therefore properly admitted the couch photographs under MRE 404(b), and defendant's assertions to the contrary are without merit.

## B. THE JOURNAL AND AUDIOTAPE

---

[5] Under MRE 404(b), photographs can serve as evidence of "other crimes, wrongs, or acts" committed by a defendant. See *People v Watson*, 245 Mich App 572, 577–578; 629 NW2d 411 (2001) (using MRE 404(b) to analyze photographs admitted as evidence of other acts committed by defendant).

[6] The prosecution also introduced the evidence to attack defendant's theory at trial, which was that the victim had fabricated the rape allegation that led to defendant's criminal charge.

## 1. LEGAL STANDARDS

"A statement of general intent is not a prior act for purposes of MRE 404(b). As the statement of a party opponent, the admissibility analysis involves instead first determining whether the statement was relevant, and second whether its probative value outweighed its possible prejudicial effect." *People v Goddard*, 429 Mich 505, 514–515; 418 NW2d 881 (1988).[7]

As noted, "[r]elevance is a relationship between the evidence and a material fact at issue that must be demonstrated by reasonable inferences that make a material fact at issue more probable or less probable than it would be without the evidence." *Crawford*, 458 Mich at 387. MRE 403 states that relevant evidence may be excluded by a court where "its probative value is *substantially* outweighed by the danger of *unfair* prejudice . . ." MRE 403 (emphasis added). Again,

> [i]n [the] context [of MRE 403], prejudice means more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions, but that cannot be grounds for exclusion. What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one. [*Vasher*, 449 Mich at 501.]

"Rule 403 determinations are best left to a contemporaneous assessment of the presentation, credibility, and effect of the testimony by the trial judge." *Blackston*, 481 Mich at 462. The prosecution is not required to use the least prejudicial evidence to make its case. *Fisher*, 449 Mich at 452.

## 2. APPLICATION

Here, defendant incorrectly argues that the trial court should have barred the audiotape and journal from admission under MRE 404(b). As noted, MRE 404(b) applies to "evidence of other crimes, wrongs, or acts." It does not apply to "statement[s] of general intent," such as defendant's audiotape and journal. Again, in the audiotape and journal, he states: (1) his desire to have sex with "men and boys"; (2) his status as a "pedophile"; and (3) his intent to beat and rape young boys. As the prosecution correctly observes, because these statements are just that—statements—MRE 404(b) is simply not applicable.[8]

---

[7] As *Goddard* notes, such statements, when they are made by the defendant, are not hearsay because they are made by a party opponent. See MRE 801(d)(2); *Goddard*, 429 Mich at 518, n 14.

[8] The trial court, in part, incorrectly based its decision to admit the audiotape and journal under MRE 404(b).

Instead, the audiotape and journal entry are a "statement of a party opponent," and accordingly may be admitted as evidence if they are: (1) relevant; and (2) not more prejudicial than probative. *Goddard*, 429 Mich at 514–515.

As mentioned above, the audiotape and journal tend to demonstrate that defendant considers himself a sexual predator who enjoys sex with "men and boys." This "reasonable inference" makes "a material fact at issue"—whether defendant raped his grandson—"more probable or less probable than it would be without the evidence." *Crawford*, 458 Mich at 387. The audiotape and journal are therefore highly relevant.

They are also not more prejudicial than probative, in that the risk of "unfair prejudice" does not "substantially outweigh" their tendency to show that defendant committed the crime. MRE 403. Both the audiotape and journal entries were prejudicial to defendant's case, because they tended to undermine his assertions that he did not violate the law and did not rape his grandson. However, the fact that the evidence serves to undermine defendant's argument does not make it "unfair," in that it wrongly motivated the jury to convict defendant. Defendant makes much of the disturbing nature of the statements contained in the audiotape and journal, and implies that this content improperly influenced the jury's verdict. But the statements he made in the audiotape and journal are no more disturbing than the testimony of multiple witnesses, which similarly involved extremely graphic and perverse sexual content. And, ultimately, the repugnant nature of defendant's statements in the audiotape and journal are of a piece with the repulsive nature of the underlying offense with which defendant is charged. See *Starr*, 457 Mich at 499–500 ("while . . . the acts described in the proffered testimony are certainly 'depraved' and of 'monstrous repugnance,' such characteristics were inherent in the underlying crime of which defendant stood accused").

Accordingly, the trial court reached the right result, albeit for the wrong reasons, and the audiotape and journal were properly admitted as the statement of a party opponent.[9]

## III. CONCLUSION

The trial court therefore properly admitted the couch photographs under MRE 404(b), and also correctly admitted the audiotape and journal evidence.

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Talbot

---

[9] See *MOSES, Inc v SEMCOG*, 270 Mich App 401, 423; 716 NW2d 278 (2006).